Filed 4/29/25  P. v. Valencia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JON VALENCIA,<br><br>    Defendant and Appellant. | C098493<br><br>(Super. Ct. No. CR2003-2642) |

Defendant Jon Matthew Valencia pleaded no contest to attempted murder.  In 2004, he stipulated to a sentence that included the upper term for his attempted murder conviction in addition to a variety of sentence enhancements.  In 2022, the trial court recalled Valencia's sentence under Penal Code section 1172.75, struck a prior prison term enhancement, and otherwise reimposed the prior upper term sentence and other

1

enhancements.[1]  On appeal, Valencia contends that the trial court could not impose the upper term sentence because the aggravating circumstances of the crime were not stipulated to, found true beyond a reasonable doubt, or based on a certified record of conviction, as required under sections 1170 and 1172.75, subdivision (d)(2).  The People argue that section 1172.75, subdivision (d)(4) permitted the trial court to reimpose the upper term sentence.  We agree with the People and will affirm the judgment.

BACKGROUND

In 2003, Valencia attacked the mother of his children with a knife and a hammer after she obtained a restraining order against him.  In 2004, Valencia entered into a plea agreement under which he would plead no contest to attempted murder (§§ 664, 187, subd. (a)) and receive an upper term sentence of nine years.  He also agreed to admit a deadly weapon enhancement (§ 12022, subd. (b)(1)), an enhancement for great bodily injury involving domestic violence (§ 12022.7, subd. (e)), a prior strike conviction (§ 667, subds. (c) & (e)(1)), a prior serious felony enhancement (§ 667, subd. (a)), and a prior prison term enhancement (§ 667.5, subd. (b)), for an aggregate sentence of 30 years.

At the 2004 sentencing hearing, the parties discussed the agreement:

"[Prosecutor]:  Just one other issue given the *Blakely* [*v. Washington* (2004) 542 U.S. 296] case.  This is a stipulated sentence, and it should be clear, as well as waiving his right to a jury trial, he's waiving his right to a jury trial on sentencing.

"[Defense counsel]:  Yes, he is.  This is a stipulated sentence, and we have stipulated to the aggravated term in that position, I don't think *Blakely* even applies.

"THE COURT:  Yeah, I would agree with that.

"[Defense counsel]:  And in the event it does, Mr. Valencia is amenable to waiving his right to a jury trial on the aggravating factors and amenable to the Court

---

[1]  Undesignated statutory citations are to the Penal Code.

finding them based on a finding of preponderance of the evidence provided in the current Rules of Court.

"THE COURT: You agree with that, Mr. Valencia?

"THE DEFENDANT: Yes."

Consistent with the stipulated agreement, the trial court imposed an aggregate 30-year sentence composed of: the upper term sentence of nine years for the attempted murder conviction, doubled for the prior strike conviction; one year for the deadly weapon enhancement; the upper term of five years for the great bodily injury enhancement; five years for the prior serious felony enhancement; and one year for the prior prison term enhancement.

In 2022, Valencia filed a motion under sections 1172.75 and 1385 requesting recall of his sentence and resentencing. The trial court set a resentencing hearing.

At the resentencing hearing, the parties disputed the application of current sentencing laws to Valencia's sentence. As relevant here, defense counsel argued that the trial court should impose the lower term sentence on the attempted murder count because Valencia's childhood trauma contributed to the commission of the offense. Even if there were aggravating circumstances, the midterm sentence would be the most that was warranted. The prosecution argued that the court could maintain an upper term sentence under section 1172.75 "if that's what was the original sentence."

The trial court summarized its view of the crime, saying, "To me, the callousness and the indifference that you showed just shows a terrible lack of humanity. It's—the ripple effect of it is that, from the prior statement made by the victims, your son passed away early later on anyway, at least indirectly as a result of this terrible trauma on the family. It affected everyone in the family; the health and emotional problems of the father, and the health and emotional problems of the surviving victim. It's—it's difficult to reconcile with what you've stated on the record and what your attorney has stated on the record. [¶] You've expressed some remorse, at least today. That means perhaps

you're on the right path to redemption. I don't really know. But what I do know is the—you still pose a threat to public safety. It's hard to come to any other conclusion based on the total depravity of the crime." The court thus concluded that it was not in the interest of justice to strike any of the enhancements and took the sentencing triad for the attempted murder count, as well as the issue of Valencia's childhood trauma, under submission.

In supplemental briefing, Valencia argued that, under section 1170, subdivision (b)(2), the trial court could only impose the upper term sentence if the aggravating facts of the crime had been stipulated to or found true beyond a reasonable doubt by a jury or judge. He also argued that the lower term should be imposed based on the childhood trauma and abuse he suffered. In opposition, the People cited section 1172.75, subdivision (d)(4), which states, "unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term," arguing that the trial court was authorized to reimpose the upper term sentence under that provision. The People further argued that the court had no sentencing discretion because Valencia had stipulated to the upper term sentence. Finally, they asserted that Valencia had stipulated to the aggravating facts because he expressly waived his right to a jury trial on those factors in the original sentencing hearing.

In a written order, the trial court concluded that section 1170, subdivision (b) did not apply to plea agreements. It further reasoned that, even if the statute applied, the parties had reviewed the probation report at the initial sentencing and had not disputed the facts it contained. Valencia had therefore stipulated to the aggravating circumstances. The court also rejected as unsupported Valencia's claims that he had suffered childhood trauma. The court thus concluded that the upper term was still permissible. The court reimposed the original sentence, except for the one-year prior prison term enhancement.

Valencia filed a timely notice of appeal.

4

DISCUSSION

Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code[,] is legally invalid." (§ 1172.75, subd. (a).) The statute also establishes a process for recalling sentences that include now-invalid prior prison term enhancements and resentencing affected defendants. (§ 1172.75, subds. (b)-(e).) It requires the "Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and [to] provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the judgment includes such an enhancement, "the court shall recall the sentence and resentence the defendant." (*Ibid.*) Resentencing under the statute "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Resentencing under this section "shall not result in a longer sentence than the one originally imposed." (*Ibid.*)

When resentencing an eligible defendant, the "court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) At the resentencing hearing, the court may consider postconviction factors such as a defendant's disciplinary record and

5

rehabilitative efforts while incarcerated; evidence that age, time served, or diminished physical condition have reduced the defendant's risk of future violence; and evidence of changed circumstances such that continued incarceration is contrary to the interest of justice. (§ 1172.75, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).) This requirement tracks section 1170, subdivision (b), which limits courts' discretion to impose upper term sentences. That provision states that a "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

We review a trial court's resentencing decision for abuse of discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856.) Questions of statutory interpretation are reviewed de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

We begin by addressing appealability. Although neither party questions this court's authority to decide Valencia's appeal, an appellate court has an independent obligation to assure itself of its own jurisdiction. (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 291.) "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.) In this case, the record does not include a referral

6

from the Department of Corrections and Rehabilitation; and it appears that Valencia filed his own motion initiating the recall procedure.[2]

We nevertheless conclude that the trial court had jurisdiction to review Valencia's sentence and resentence him. There is no dispute in this case that Valencia's original judgment included a qualifying enhancement. It is also clear that, under such circumstance, section 1172.75, subdivision (b) required the Department of Corrections and Rehabilitation to provide Valencia's name and other information to the court that sentenced him. Under well-established principles, we presume that an official duty like that under section 1172.75, subdivision (b) has been performed (Evid. Code, § 664; see *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1068), and there is nothing in the record that would refute that presumption in this case. We thus proceed to the merits of Valencia's challenge.

Valencia argues that the trial court erred because it reimposed the upper term sentence and relied on facts that he did not admit and that were not found to be true beyond a reasonable doubt at trial, as required under section 1170, subdivision (b). We conclude this contention lacks merit.

As noted above, under section 1172.75, subdivision (d)(4), a resentencing court "may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle

---

[2] In their respondent's brief, the People stated on information and belief that the trial court received notice from the Department of Corrections and Rehabilitation, and they offered to provide this court with the relevant documentation. Pursuant to California Rules of Court, rule 8.155(a), we directed the People to file with this court the relevant documents or material filed or lodged in the superior court, evidencing the filing or lodging in the superior court. The People responded with a document listing inmate names and a declaration from the district attorney's office stating the declarant's belief that the trial court had been provided with the document. Because the People's submission does not clearly establish that either the list of names or the declaration was filed or lodged in the trial court, we decline to augment the record with them. (Cal. Rules of Court, rule 8.155(a).)

term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial," "[u]nless the court originally imposed the upper term." In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466-467, we explained that, "[g]iving this language its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) [to] apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing. Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." Consistent with this conclusion, and as the People contend, the trial court in this case could reimpose the upper term sentence on the attempted murder conviction, without Valencia's stipulation to or a factual finding beyond a reasonable doubt of the aggravating circumstances, because the court previously imposed the upper term sentence at Valencia's original sentencing hearing in compliance with his stipulated plea agreement. The court thus did not err when it resentenced Valencia to the upper term.

We recognize that, after *Brannon-Thompson* was decided, our colleagues on the Sixth District Court of Appeal, in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, interpreted section 1172.75, subdivision (d)(4) differently. *Gonzalez* "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez*, at pp. 328-329.) It observed, however, that the statute's words could also reasonably be read to "simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term. Under such an interpretation, a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Id.* at p. 329.) The

court adopted the latter interpretation because "allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified" in *People v. Lynch* (2024) 16 Cal.5th 730. (*Gonzalez*, at p. 330.) In *Lynch*, our Supreme Court explained "that the Sixth Amendment jury trial right is triggered by section 1170[, subdivision (b)]'s substantive requirements governing imposition of an upper term sentence." (*Lynch*, at p. 762.)

We respectfully disagree that the *Gonzalez* court's reading of section 1172.75, subdivision (d)(4) is necessary to avoid a conflict with the Sixth Amendment. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) But section 1172.75, subdivision (d)(4) creates an exception to the factfinding requirement in section 1170, subdivision (b). (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.) Under section 1172.75, subdivision (d)(4), a resentencing court may select the upper term without relying on aggravating factors if the upper term was previously imposed. In that circumstance, no factfinding is required before a resentencing court may again sentence a defendant to the upper term, and the Sixth Amendment is not implicated. (See *People v. Lynch*, *supra*, 16 Cal.5th at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id.* at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].) Because the trial court in this case originally imposed the upper term on Valencia's attempted murder conviction, it was permitted under section 1172.75, subdivision (d)(4) to do so again upon resentencing. It thus committed no error in selecting the upper term of nine years for Valencia's attempted murder conviction.

## DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
MESIWALA, J.